**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2606-18T1

C.N.,

    Plaintiff-Appellant,

v.

M.F.,

    Defendant-Respondent.

_____

        Submitted November 7, 2019 – Decided February 10, 2020

        Before Judges Nugent and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-1189-13.

        Freeman Law Center, LLC, attorneys for appellant (Adam C. Brown, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Plaintiff C.N.[1] appeals from the January 17, 2019 order of the Family Part denying his motion to vacate the court's December 11, 2017 order establishing custody and parenting time for C.N. and defendant M.F. with respect to their child. We affirm.

I.

The following facts are derived from the record. The parties had a five-year relationship during which they produced a child. After termination of the relationship, the parties agreed informally M.F. would have primary custody of the child, with C.N. having frequent parenting time.

In 2013, C.N. became concerned with what he described as M.F.'s "declining lifestyle," including her ongoing relationship with T.K., who C.N. described as having an extensive criminal record. According to C.N., T.K. was regularly in the company of the child and was sometimes responsible for her care. After what he described as M.F.'s move to an undisclosed location and removal of the child from school without his knowledge, C.N. filed an order to show cause seeking an order establishing his custody and parenting rights.

The parties engaged in mediation. On October 23, 2013, they entered into a consent order establishing joint legal custody of the child, with M.F. having

_____

[1] We use initials to protect the privacy of the child.

A-2606-18T1

primary residential custody and C.N. regular parenting time, including overnights, weekends, and holidays.

In 2017, C.N. filed an application for residential custody of the child based on his allegations M.F. violated the October 23, 2013 consent order. C.N. alleged M.F. interfered with his parenting time, removed the child from school without his consent, changed the child's residence and refused to inform C.N. of the new home's address, and was not providing the child with medical care.

On December 7, 2017, the trial court held a hearing on C.N.'s application. T.K., with whom M.F. has two children, was present. According to C.N.[2], T.K. testified he had a pending charge for unlawful possession of a loaded firearm, but the charge was unfounded because he had a valid firearm permit, which he purported to show the court on his cellphone. In addition, T.K., who picks the child up at school with a vehicle, testified his driver's license was in good standing. After hearing this testimony, the court found T.K. posed no imminent risk to the child.

On December 11, 2017, the court entered an order denying C.N.'s motion. The court, however, modified the parties' parenting time and directed M.F. to provide information to C.N. regarding the child's medical insurance coverage.

---

[2] We have not been provided with a transcript of the December 7, 2017 hearing.

 A-2606-18T1

On August 30, 2018, C.N. moved pursuant to Rule 4:50-1(b), (c), and (f) to vacate the December 11, 2017[3] order. C.N. alleged the order was obtained by fraud because T.K. lied at the December 7, 2017 hearing when he testified he had a valid permit to possess a handgun. According to C.N., T.K. entered a guilty plea to a gun possession charge and had been sentenced to a two-year term of probation two months before he testified at the hearing. C.N. alleged M.F. knowingly conspired with T.K. to present his false testimony and prevent a change in residential custody.

In addition, after issuance of the December 11, 2017 order, C.N. discovered the extent of T.K.'s criminal history, his conviction of the weapons offense, and records demonstrating T.K. and M.F.'s numerous motor vehicle violations and license suspensions. He argued the child's health and safety are endangered by exposure to T.K. generally and when the child is a passenger in a vehicle driven by either T.K. or M.F. C.N. also alleged M.F. transferred the child to three schools in a short period of time and maintains an unstable environment causing the child to suffer from migraine headaches.

Finally, C.N. argued M.F. was in contempt of the December 11, 2017 order because she failed to turn over the child for his parenting time and did not

---

[3] C.N. refers to the order as the December 7, 2017 order.

A-2606-18T1

communicate with C.N. with respect to the child's medical care. He also alleged M.F. precluded his access to the child's educational records.

On January 17, 2019, the court heard C.N.'s motion. The judge, who did not issue the December 11, 2017 order, treated C.N.'s Rule 4:50-1 motion as an application to modify custody based on a change of circumstances. Although the parties were present and spoke to the court, no formal testimony was taken.

After hearing from the parties, the court issued an oral opinion. The court noted T.K. pleaded guilty to the fourth-degree crime of violation of regulatory provisions relating to firearms, N.J.S.A. 2C:39-10(a)(1), not unlawful possession of a weapon, prior to the December 7, 2017 hearing. However, the court held:

> [a]t the end of the day, it's really not about him and whether or not he misrepresented whether he has a valid firearm [sic] or not. He pled guilty to certain charges. He got probation. I get all that.
>
> The key here is whether or not there's such a . . . change in circumstance that it relates to the child. There may be, and this gentleman may not be of the greatest character. I really don't know. But at the end of the day, I [have] to decide whether or not there's an issue regarding the best interest of the child, whether there's been a change in circumstance.
>
> And his telling the truth or not telling the truth was not, as I read the transcript, . . . really [a] basis for the judge making his decision. I . . . got the impression . . . it

A-2606-18T1

wasn't even that important to him, quite frankly. Because we knew that there were criminal charges pending and something was going to happen to this gentleman.

. . . .

I don't find, and I don't believe he found, that this particular fact alone was enough to change the custody issues in this case.

After reviewing C.N.'s other allegations, the court concluded "none of the information presented to this [c]ourt convinces me that I should somehow do some reconsideration of the order that the judge enter[ed] back in December 2017." The court did, however, conclude the parents will be prohibited from allowing the child to be a passenger in a car operated by a driver who does not have a valid license. On January 17, 2019, the court entered an order denying C.N.'s motion.

This appeal followed. C.N. raises the following arguments for our consideration:

POINT I

THE TRIAL COURT SHOULD HAVE VACATED THE DECEMBER [11], 2017 COURT ORDER PURSUANT TO R. 4:50-1(B) AND R. 4:50-1(C).

A. A PARTY MAY BE RELIEVED OF A FINAL JUDGMENT OR ORDER BASED ON STATUTORY GROUNDS AND RECONSIDERATION OF SAID

6

JUDGMENT OR ORDER IN THE INTEREST OF JUSTICE.

POINT II

A PARTY REQUESTING MODIFICATION OF A CUSTODY ORDER HAS THE BURDEN TO DEMONSTRATE A SUBSTANTIAL CHANGE OF CIRCUMSTANCES.

A. A COURT MUST CONSIDER A PLAINTIFF'S ENTIRE APPLICATION IN MAKING A DETERMINATION OF WHETHER A SUBSTANTIAL CHANGE OF CIRCUMSTANCE[S] EXIST[S] TO WARRANT MODIFICATION.

B. ONCE A CHANGE OF CIRCUMSTANCES HAS BEEN DETERMINED AN AWARD OF CUSTODY IS DETERMINED ACCORDING TO THE BEST INTEREST OF THE CHILD.

POINT III

THE TRIAL COURT SHOULD HAVE VACATED THE DECEMBER [11], 2017 COURT ORDER PURSUANT TO R. 4:50-1(F).

II.

Our review of a Family Part's order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial

A-2606-18T1

deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

C.N. moved for relief pursuant to Rule 4:50-1. That rule provides:

> On motion . . . the court may relieve a party . . . from a final judgment or order for the following reasons: . . . (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

8

Rule 4:50-1 is not applicable to applications seeking relief from an order establishing custody and other matters in the continuing jurisdiction of the court. Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004). Custody orders are subject to revision based on the changed circumstances standard. Ibid. As we explained in Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015):

> [m]odification of an existing child custody order is a "'two-step process.'" R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (quoting Crews v. Crews, 164 N.J. 11, 28 (2000)). First, a party must show "a change of circumstances warranting modification" of custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Id. at 62-63 (citation omitted).

We review a trial court's determination that a change of circumstances has not been demonstrated for an abuse of discretion. Costa, 440 N.J. Super. at 4 (citing Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007)).

Our review of the record reveals the trial court did not abuse its discretion when it determined C.N. did not make a showing of a change of circumstances warranting modification of the December 11, 2017 order. T.K.'s lack of candor at the December 7, 2017 hearing and his criminal record, while concerning to the court, do not pose a threat to the health and safety of the child. C.N. did not

demonstrate any instance in which the child's well-being was at risk while in the care of T.K. In addition, although C.N. demonstrated both T.K. and M.F. have had driver's license suspensions and moving violations, the court cautioned M.F. her custody of the child would be threatened were she to allow the child to be a passenger in a car driven by an unlicensed driver. Finally, C.N. produced no evidence the child's school transfers were deleterious to her well-being or that his suspicions concerning the cause of the child's headaches were well-founded. Despite T.K.'s conduct at the December 7, 2017 hearing, the child's circumstances have not materially changed since entry of the December 11, 2017 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2606-18T1