**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3911-18T2

C.S.S.,

    Plaintiff-Appellant,

v.

A.T.E.,

    Defendant-Respondent.

_____

        Argued February 27, 2020 – Decided May 20, 2020

        Before Judges Suter and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-1043-12.

        Mark J. Molz argued the cause for appellant.

        Respondent has not filed a brief.

PER CURIAM

Plaintiff C.S.S.[1] appeals from the portions of the April 1, 2019 order of the Family Part modifying the custody and parenting time of C.S.S. and defendant A.T.E. with respect to their child, A.S., and reducing A.T.E.'s child support obligation to reflect the change in custody.  We reverse.

I.

The following facts are derived from the record.  A November 7, 2012 Family Part order establishes the parties' custody and parenting time of A.S., as well as A.T.E.'s child support obligation.  The November 7, 2012 order is not included in the appendix, and it appears to have been modified prior to the trial court proceedings to give C.S.S. primary custody of A.S., with A.T.E. having custody of the child every other weekend.  In addition, although the amount of A.T.E.'s child support obligation is not in the record, an undated page from a Family Part order states support arrears of $18,183.77 as of October 24, 2018.

In February 2019, A.T.E. sought a decrease in his child support obligation "[b]ased on permanent disability[.]"  The application was not accompanied by an affidavit, certification, or case information statement required by Rule 5:5-3.  Nor were those documents served on C.S.S. at any point subsequent to the filing

---

[1] We identify the parties by initials to protect the confidentiality of court records relating to child custody.  R. 1:38-3(d)(13).

of the application. In addition, the application contains no financial information, does not state the source or amount of A.T.E.'s income, the nature of his disability, or the scope of his inability to work, or set forth allegations supporting his request. The application also sought a change in custody and parenting time, but contained no explanation of the basis of the requested modification.

At a hearing on the application, A.T.E. testified that approximately four weeks earlier he severed several fingers on one hand while cutting wood at home. Doctors reattached his fingers and A.T.E. had a positive prognosis for regaining their use. A.T.E. offered no medical evidence concerning the extent to which he was unable to use his hand or the expected duration of his recovery.

A.T.E. testified he worked "off the books" as a mechanic but would be hindered from doing so because of his injury. He did not state the amount of his income and produced no documentary evidence establishing how much he earned. He did not estimate how much of a decline in income he expected as a result of his injuries. C.S.S. testified A.T.E. owned and operated a towing company and auto care business. In addition, she testified A.T.E. had employees who could earn income for his business and sold automobiles. She too produced no evidence of the amount A.T.E. earns.

A-3911-18T2

C.S.S. asked the court to adjourn hearing A.T.E.'s request for a modification of the parties' custody and parenting time in order to permit her to retain an attorney. The court denied her request.

A.T.E. testified he and C.S.S. each had the child fifty percent of the time until the court reduced A.T.E.'s time after it determined he had endangered the child's welfare by permitting her to ride on the back of a car, an act captured on video. A.T.E. requested a return to the prior arrangement and testified that because of his injury, he would have more time to have custody of the child.

After considering the testimony, the trial court determined it "didn't have any medical evidence from [A.T.E.] with regard to his ability or inability to work." The court continued, "clearly, [A.T.E.] sustained an injury, but what isn't clear is that he will suffer a loss of income because of it." The court, therefore, denied A.T.E.'s request to modify his child support obligation. However, because of A.T.E.'s injury, the court suspended enforcement of his child support obligation for 120 days.

The court concluded "[w]ith regard to the request for additional parenting time, I'm also not being provided with any information that would cause me to

change the October 24, 2018[2] order."  Despite this finding, the court modified

the parties' custody and parenting time as follows:

> What I'm going to do is I'm going to reverse the parenting time [from] . . . one week after the end of school, June 2019, to one week before the school begins . . . for the 2019/20 school year.  So we'll reverse it so that [A.T.E.] will have parenting time during the summer.  And I'll calculate how many days or how many overnights that is, how that changes the overnights, and alter the parenting time that way.
>
> . . . . .
>
> [The court will] reverse the parenting time so that [C.S.S. will] have the child every other weekend during the summer.
>
> . . . . .
>
> I will recalculate the child support based on the number of overnights that I'm ordering.

On April 1, 2019, the court entered an order memorializing its decision

and setting A.T.E.'s child support arrears at $20,060.77 as of April 1, 2019.

This appeal followed.  C.S.S. raises the following arguments:

> POINT I
>
> THE TRIAL COURT ERRED IN CHANGING PARENTING TIME/CUSTODY AFTER PLAINTIFF REQUESTED LEGAL REPRESENTATION.

---

[2]  This is the first mention in the transcript of the October 24, 2018 order, a complete copy of which is not included in C.S.S.'s appendix.

A-3911-18T2

POINT II

DEFENDANT'S MOTION TO REDUCE CHILD SUPPORT WAS DEFICIENT BECAUSE IT DID NOT CONTAIN A FINANCIAL STATEMENT OR ANY FACTS SUCH AS AN AFFIDAVIT OR CERTIFICATION.

POINT III

THE TRIAL COURT ERRED IN AWARDING A CHANGE IN PARENTING TIME/CUSTODY WITHOUT NOTICE DEMONSTRATING A CHANGE OF CIRCUMSTANCES SET FORTH IN DEFENDANT'S MOVING PAPERS.

II.

Our review of a Family Part order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's

6

"[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Custody orders are subject to revision based on the changed circumstances standard. Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004). As we explained in Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015):

> [m]odification of an existing child custody order is a "'two-step process.'" R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (quoting Crews v. Crews, 164 N.J. 11, 28 (2000)). First, a party must show "a change of circumstances warranting modification" of custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Id. at 62-63 (citation omitted).

We review a trial court's determination regarding a change of circumstances for an abuse of discretion. Costa, 440 N.J. Super. at 4 (citing Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007)).

7

Our review of the record in light of these precedents reveals the trial court misapplied its discretion when it modified the parties' custody and parenting time. A.T.E. introduced no evidence of changed circumstances other than his testimony that he will have more time off from work while recuperating from an injury. This alone is insufficient to constitute a change in circumstances. In addition, the court did not undertake an analysis of the child's best interests. No testimony or other evidence was elicited with respect to how a change in custody and parenting would affect the child. Nor did the court examine how A.T.E. would provide for the child's care while recuperating from a severe injury requiring continuing medical interventions or whether A.T.E.'s poor supervision, which resulted in the prior modification of custody and parenting time, had been ameliorated.

In light of our conclusion, we need not reach C.S.S.'s argument the trial court abused its discretion by denying her request to adjourn the hearing to allow her to retain counsel. We note, however, that C.S.S.'s assertion that she was not provided with notice A.T.E. was seeking a change in custody and parenting time is not supported by the record. A.T.E.'s application indicates he was seeking a modification of an existing custody and parenting time order.

The April 1, 2019 order is reversed to the extent it modified the parties' custody and parenting time. The custody and parenting time in place prior to the April 1, 2019 order is reinstated. The trial court is directed to adjust A.T.E.'s child support obligation to reflect the change in the number of overnights the child will spend with each parent. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION