**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2725-18T3

A.M.,

    Plaintiff-Appellant,

v.

T.A.,

    Defendant-Respondent.

_____

Submitted April 30, 2020 – Decided May 27, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FD-09-0460-14.

A.M., appellant pro se.

Thomas L. Curcio, attorney for respondent.

PER CURIAM

Plaintiff A.M.[1] appeals from the December 14, 2018 order of the Family Part denying her motion to compel two of her children, who are in the custody of their paternal grandmother, defendant T.A., to undergo a psychiatric examination. We affirm.

I.

The following facts are derived from the record. A.M. is serving a forty-year sentence for the 2010 murder of the children's father. The children, then seven years old, were present in the home at the time of the killing, heard gunshots, and entered the bedroom to see their father dying. After the murder, the children were placed with T.A., to whom the trial court later awarded custody and guardianship. A third child placed with T.A. has since reached adulthood.

During the proceedings that ultimately resulted in T.A. obtaining custody of the children, the court ordered their evaluation by a psychologist the parties jointly selected. At the evaluation, the children expressed no desire to see A.M. Notably, the children had been undergoing therapy for trauma resulting from the murder. In a 2014 report, the expert concluded visitation with A.M. would be

---

[1] We identify the parties by initials to protect the confidentiality of court records relating to child custody. R. 1:38-3(d)(13).

A-2725-18T3

harmful for the children. Based on the expert's opinion, the court ordered contact between A.M. and the children be limited to written letters, which would be reviewed by the children's therapist to determine if they would be shown to the children. In addition, the court directed T.A. to send A.M. photographs and copies of the children's report cards periodically.

In 2018, A.M. filed a motion to compel the children to undergo a psychiatric evaluation for the purpose of having the court consider increasing her contact with the children. In her moving papers, A.M. requested oral argument. T.A. opposed the motion.

The court denied A.M.'s motion, finding "there was no showing why it is in [the children's] best interests to be evaluated mindful of their ongoing therapy for many years after their father's murder." In addition, the court determined A.M. had not alleged a change in circumstances warranting modification of the court's prior orders that established limited contact between A.M. and the children. The court noted A.M.'s motion was "decided on the pleadings [without] objection."

This appeal followed. A.M. raises the following arguments for our consideration:

> POINT ONE
>
> THE COURT'S DECISION WAS AN ABUSE OF DISCRETION AND FAILED TO GIVE SUFFICIENT

WEIGHT TO PLAINTIFF'S STATUS AS MOTHER
OF THE CHILDREN.

POINT TWO

THE MOTION COURT FAILED TO COMPLY WITH
PROPER PROCEDURE BY FAILING TO MAKE
FINDINGS OF FACT AND CONCLUSIONS OF
LAW, REQUIRING A REMAND.

POINT THREE

THIS COURT SHOULD REVIEW APPELLANT'S
CLAIMS USING A HARMLESS ERROR
STANDARD OF REVIEW AND NOT APPLY THE
PLAIN ERROR STANDARD OF REVIEW FOR THE
REASONS STATED BELOW.

II.

Our review of a Family Part order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort,

Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

A.M.'s request for the appointment of an expert must be viewed in light of the well-established standard for modifying orders that establish custody and parenting rights. Custody orders are subject to revision based on the changed circumstances standard. Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004). As we explained in Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015):

> [m]odification of an existing child custody order is a "'two-step process.'" R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (quoting Crews v. Crews, 164 N.J. 11, 28 (2000)). First, a party must show "a change of circumstances warranting modification" of custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Id. at 62-63 (citation omitted).

A-2725-18T3

The changed circumstances standard also applies to modifications of parenting time, which may be granted if in the best interests of the child. Finamore v. Aronson, 382 N.J. Super. 514, 522 (App. Div. 2006). Rule 5:3-3(a) provides that when

> the court, in its discretion, concludes that disposition of an issue will be assisted by expert opinion . . . the court may order any person under its jurisdiction to be examined by a[n] [expert] designated by it . . . .

Having carefully reviewed the record, we conclude the trial court properly exercised its discretion when it denied A.M.'s motion. The children were examined by an independent expert, jointly selected by the parties, in 2014. The court adopted the expert's opinion that it was in the children's best interests to limit their contact with A.M., given the trauma they suffered as a result of her having murdered their father. A.M. alleged no facts suggesting a change in circumstances warranting modification of that arrangement. Her request for the appointment of another expert to examine the children, who will become adults in August 2020, is based only on her dissatisfaction with the court's prior order.[2]

---

[2] We also note that we granted T.A.'s motion to remand this matter for the limited purpose of allowing the trial court to decide her motion to remove the children to Florida. The trial court granted the motion on August 23, 2019.

A-2725-18T3

To the extent we have not specifically addressed any of A.M.'s remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2725-18T3