**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0635-19T1

J. M.,

     Plaintiff-Appellant,

v.

C.K.,

     Defendant-Respondent.

_____

          Submitted October 26, 2020 – Decided January 19, 2021

          Before Judges Mayer and Susswein.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0596-17.

          John Barone, attorney for appellant.

          Respondent has not filed a brief.

PER CURIAM

     Plaintiff, J.M., appeals from a Family Part post-judgment order denying her motion to modify the current parenting plan, award her sole custody of the

children, and order a plenary hearing.[1]  Judge John A. Jorgensen rendered an oral decision and thereafter issued a written amplification.  We affirm.

We presume the parties are familiar with the circumstances leading to this appeal.  In 2017, plaintiff J.M. and defendant, C.K., divorced after more than ten years of marriage.  The property settlement agreement (PSA) provided that both parents would share joint custody of their two children.  The PSA designated J.M. as the parent of primary residence.

The parties have a long history of post-divorce litigation.  Notably, in December 2018, Judge Jorgensen granted plaintiff a domestic violence final restraining order (FRO) against C.K.  The FRO generally prohibits C.K. from communicating with J.M. but allows him to communicate with her via text messages for matters concerning the children.

In August 2019, defendant applied for an Order to Show Cause seeking to have the court enforce his parenting time in accordance with the PSA, change the location of the custody exchanges from the police station to the courthouse, and impose penalties against plaintiff for her alleged failures to exchange custody.  Plaintiff filed a cross-motion seeking to suspend defendant's parenting

---

[1] We use initials to protect the privacy of the parties and the children.  R. 1:38-3(d).

A-0635-19T1

time or, in the alternative, require supervised parenting time. Plaintiff also sought a plenary hearing for a change in custody that would grant her sole legal and physical custody of the children.

On September 13, 2019, Judge Jorgensen granted defendant's application to enforce his parenting time but denied his request to relocate the custody exchange and his request to impose penalties. Judge Jorgensen also denied plaintiff's cross-motion, finding she failed to present sufficient evidence to establish a change of circumstances warranting modification of the parenting time arrangement or a plenary hearing.[2] We now review the decision to deny plaintiff's cross-motion.

Because we affirm for the reasons explained in Judge Jorgensen's thorough oral opinion and written amplification, we need not re-address plaintiff's arguments at length. We begin our analysis by acknowledging that the scope of our review is narrow. Findings by a Family Part judge are "binding on appeal when supported by adequate, substantial, and credible evidence."

---

[2] We note that plaintiff's brief does not address the trial court's denial of her request for a plenary hearing. Accordingly, plaintiff has waived this issue. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.") (quoting Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008)). We add that the record clearly supports Judge Jorgensen's decision to deny plaintiff's cross-motion to modify the custody arrangements without convening a plenary hearing.

A-0635-19T1

Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Additionally, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference family court factfinding." Id. at 413. We may reverse only if there is "'a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'" Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). Accordingly, an appellate court should not disturb the trial court's factfinding unless the court is "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 413 (quoting Rova Farms, 65 N.J. at 484).

Furthermore, a party seeking modification of an existing custody or parenting time order bears the burden of demonstrating changed circumstances and that the current arrangement is no longer in the best interests of the child. Finamore v. Aronson, 382 N.J. Super. 514, 522-23 (App. Div. 2006); Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). The analytical process is sequential. A party seeking modification must first show a change in circumstances that affects the welfare of the children. If the party makes such a

showing, "the party is 'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015) (quoting R.K. v. F.K., 437 N.J. Super. 58, 62-63 (App. Div. 2014) (citation omitted)); see also Lepis v. Lepis, 83 N.J. 139, 159 (1980).

Applying these legal principles to the record before us, we conclude Judge Jorgensen did not abuse his discretion in denying plaintiff's cross-motion. Plaintiff contends that Judge Jorgensen failed to appreciate the importance and probative value of the evidence she submitted. She also claims the judge uncritically accepted what she characterizes as defendant's "bald blanket denial" of her factual allegations. The record belies her argument. Contrary to plaintiff's claim, defendant in his reply certification specifically addressed her allegations, save for those relating to his failure to respond to her text messages—a matter we address momentarily. We note that plaintiff points only to the catch-all denial at the end of defendant's certification, essentially ignoring the remainder of his five-page certification in which he specifically responds to her factual allegations.

We have reviewed the record and conclude that Judge Jorgensen carefully considered all of the proofs and arguments submitted by both parties. Based on

that review, the judge concluded that the allegations made by plaintiff reflected "domestic contretemps" between the parties, falling short of a change in circumstances warranting modification of the child custody arrangement.[3] We see no reason to disturb that finding. Indeed, our review of the litigation history confirms that plaintiff and defendant have a contentious relationship and, as a result, are unable to communicate. Domestic contretemps do not constitute a change of circumstances.

Much of plaintiff's argument hinges on her frustration that defendant refuses to respond to her text messages. She contends defendant's failure to communicate places the children at risk of substantial and ongoing harm. By way of example, she argues that defendant's failure to respond to her inquiries regarding their daughter's health placed plaintiff in an untenable position where she was afraid to administer fever medication to their daughter for fear of overdosing her.

---

[3] We note that plaintiff alleged that defendant harassed and stalked her after a custody exchange. Judge Jorgensen in his November 6, 2019 amplification letter determined that it was premature to consider plaintiff's allegation that defendant violated the FRO, as that matter was scheduled to be heard on December 2, 2019. The record before us does not indicate the final disposition of the FRO violation hearing.

A-0635-19T1

In support of her argument, plaintiff relies on <u>Nufrio v. Nufrio</u>, in which we commented that

> the prime [criterion] for establishing a joint legal custodial relationship between divorced or separated parents centers on the ability of those parents to agree, communicate[,] and cooperate in matters relating to the health, safety[,] and welfare of the child[,] notwithstanding animosity or acrimony they may harbor towards each other.
>
> [341 N.J. Super. 548, 550 (App. Div. 2001).]

We do not interpret this general principle to require a modification of the parenting arrangement in the particular circumstances presented in this case. We deem it to be significant that the FRO issued by Judge Jorgensen permitted—but did not require—defendant to communicate directly with plaintiff by text messaging concerning the children. We therefore reject plaintiff's argument that defendant created a substantial change of circumstances by his failure to communicate with plaintiff.

In this instance, the same judge who issued the FRO denied defendant's cross-motion to modify the parenting arrangement. In rejecting plaintiff's argument, Judge Jorgensen recognized both parties continually filed police reports and motions against each other. Considering the contentious nature of the parties' relationship, Judge Jorgensen acted well within his discretion in

7

declining to require defendant to communicate directly with plaintiff, since such communications would present an opportunity for confrontation and escalation that might lead to new charges of domestic violence harassment.

Given the deferential standard of review, it is not our place to substitute our judgment for that of the Family Part judge when, as in this case, the trial court's findings are supported by competent, relevant, and reasonably credible evidence. Cesare, 154 N.J. at 412. Deference is especially appropriate in view of Judge Jorgensen's intimate familiarity with the long history of conflict between these parties.

To the extent we have not addressed them, any additional arguments raised by plaintiff lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION