**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3780-19

W.S.,

     Plaintiff-Respondent,

v.

S.S.,

     Defendant-Appellant.

_____

Submitted March 22, 2021 – Decided November 12, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County. Docket No. FM-20-0830-07.

Patti Family Law, attorneys for appellant (John A. Patti, on the briefs).

Kathleen B. Estabrooks, PC, attorneys for respondent (Kathleen B. Estabrooks, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Defendant S.S.[1] appeals from the May 12, 2020 order of the Family Part denying his motion to terminate his alimony obligation to plaintiff W.S. We affirm.

I.

The parties were married in 2002. At the time, both worked. When W.S. was pregnant with the couple's second child she was diagnosed with a noncancerous brain tumor that prevented her from working. In 2006, the Social Security Administration declared W.S. disabled.

W.S. filed for a divorce shortly after her diagnosis. The couple's property settlement agreement (PSA), which was incorporated into their judgment of divorce, provides that S.S. shall pay $2,000 a month in alimony to W.S. The amount of alimony is based, in part, on W.S.'s inability to work due to her disability. According to the PSA,

> [t]he term of alimony shall be a term of [ten] years. [S.S.] shall be entitled to rebut the presumption of disability upon the [ten]-year anniversary of alimony payments. In the event [W.S.] continues to be on disability, this shall be presumed that alimony shall continue beyond the [ten-]year term. However, this is agreed to be a rebuttable presumption with the burden upon [S.S.]

---

[1] We identify the parties by their initials in order to preserve the confidentiality of W.S.'s medical condition. R. 1:38-3(d)(3).

2

In July 2017, S.S. moved for an order: (1) permitting him to engage in discovery relating to whether W.S. remained disabled; (2) directing W.S. to cooperate with his medical expert; and (3) terminating alimony as of the conclusion of the ten-year term in the event he proves W.S. is no longer disabled. In the alternative, S.S. moved for an order: (1) permitting him to engage in discovery relating to W.S.'s employability; (2) requiring W.S. to cooperate with a vocational expert; and (3) modifying alimony in the event he proves that W.S. is able to earn income despite her disability. Defendant also sought an order: (1) permitting discovery relating to W.S.'s alleged cohabitation; (2) directing W.S. to file an updated case information statement (CIS); and (3) modifying alimony based on changed circumstances relating to his income.

W.S. opposed the motion, certified that she remained disabled and unable to work, and denied cohabitation with any adult. She cross-moved for an order requiring S.S. pay his share of the children's medical expenses.

On September 22, 2017, the trial court issued an order denying without prejudice S.S.'s motion to terminate alimony. The court ordered that both parties may engage in discovery relating to W.S.'s disability and alleged cohabitation.

S.S. thereafter moved for an order: (1) finding W.S. in violation of litigant's rights based on her deficient responses to discovery requests; (2)

compelling W.S. to provide complete answers to outstanding discovery and a current CIS; and (3) suspending alimony until resolution of his motion.

On September 28, 2018, the trial court issued an order finding W.S. to be in violation of litigant's rights for failure to provide complete responses to discovery concerning her income and expenses. The court found that it had intended to permit discovery beyond the issue of W.S.'s continued disability and cohabitation and that "ongoing alimony was the essential matter before the [c]ourt" when it entered the order permitting discovery. The court explained that "[i]t goes without saying that the financial status of each party would be the focus of that discovery, as it is critical to any determination of alimony extending beyond ten years." The court awarded S.S. $1200 in attorney's fees.

The court denied without prejudice S.S.'s motion to terminate or modify alimony, but suspended alimony retroactive to May 13, 2018, the tenth anniversary of the PSA.[2] In its decision, the court stated that "[i]f [W.S.] fully and completely responds to [S.S.'s] discovery requests . . . she may move to attempt to reinstate the alimony."

---

[2] On October 3, 2018, the court filed an order correcting a scrivener's error in the September 28, 2018 order noting May 18, 2013, instead of May 13, 2018.

A-3780-19

W.S. subsequently moved for reconsideration of the September 28, 2018 and October 3, 2018 orders. S.S. cross-moved for an order permanently terminating alimony retroactive to May 13, 2018 and holding W.S. in violation of litigant's rights for not providing complete responses to discovery.

On November 30, 2018, the court entered an order denying W.S.'s motion for reconsideration. The court ordered W.S. to provide complete responses to all outstanding discovery on or before January 31, 2019. In addition, the court ordered W.S. to pay S.S. $11,210 for alimony that was collected after May 13, 2018 and denied S.S.'s cross-motion to permanently terminate alimony retroactive to May 13, 2018.

On February 11, 2019, W.S. moved for post-judgment relief. She requested that the November 30, 2018 order be vacated and that all suspended alimony payments be made current. She argued, among other things, that the suspension of alimony as a sanction for failing to answer discovery was inappropriate. S.S. cross-moved for a permanent termination of alimony, a finding that W.S. was in violation of litigant's rights, and a judgment requiring the repayment by W.S. of $11,210 in alimony paid after May 13, 2018.

On September 26, 2019, the trial court entered an order: (1) reserving decision on W.S.'s motion to reinstate alimony; (2) reserving decision on S.S.'s

A-3780-19

motion to terminate alimony permanently; (3) reserving decision with respect to entry of a judgment requiring repayment by W.S. of $11,210; (4) denying W.S.'s motion to vacate various provisions of the court's prior orders; (5) denying S.S.'s motion to hold W.S. in violation of litigant's rights; and (6) directing W.S. to provide complete responses to various outstanding discovery requests and an updated CIS.

W.S. thereafter produced discovery responses and an updated CIS. She requested reinstatement of alimony retroactive to May 13, 2018. S.S. objected, arguing that W.S. had not cured her deficient discovery responses, that her CIS was incomplete, and that alimony should not be reinstated without a hearing.

On May 12, 2020, the trial court issued an order: (1) granting W.S.'s motion to reinstate alimony retroactive to May 13, 2018; (2) denying S.S.'s cross-motion to terminate alimony retroactive to May 13, 2018; (3) denying S.S.'s motion to compel W.S. to reimburse him $11,210 for alimony paid after May 13, 2018; and (4) vacating, as moot, the prior award of attorney's fees.

In a written statement of reasons accompanying the order, the trial court found that: (1) W.S. provided complete responses to all outstanding discovery requests; (2) S.S. failed to make a prima facie showing of changed circumstances, i.e., that W.S. is not disabled and unable to work, warranting a

change in alimony; (3) because W.S. fully responded to all outstanding discovery, the suspension of alimony retroactive to May 13, 2018, and the award of attorney's fees, were no longer warranted; and (4) S.S. is bound by the terms of the PSA, which require him to pay alimony after the conclusion of the initial ten-year period absent a showing by him that W.S. is no longer disabled.

This appeal follows. S.S. argues the May 12, 2020 order should be reversed because the trial court: (1) did not hold an evidentiary hearing with respect to W.S.'s disability; (2) did not issue sufficient findings of fact and conclusions of law; (3) failed to permit S.S. to take depositions; (4) improperly limited discovery in other ways; (5) improperly vacated the suspension of alimony retroactive to May 13, 2018, because that suspension was intended to be a punishment for W.S.'s refusal to provide discovery; (6) improperly vacated the award of attorney's fees; and (7) failed to follow the "law of the case" established in prior orders.

## II.

Our review of a Family Part order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v.

Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the" trial court's fact findings. See Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995).

S.S.'s motion to terminate or modify his alimony obligation is based on the PSA, the terms of which reflect the parties' settlement of W.S.'s complaint for divorce. Settlement of matrimonial disputes is encouraged and highly valued in our court system. Quinn v. Quinn, 225 N.J. 34, 44 (2016) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Settlement agreements are governed by basic contract principles and, as such, courts should discern and implement

the parties' intent. J.B. v. W.B., 215 N.J. 305, 326 (2013); Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007). "The court's role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the 'expressed general purpose.'" Id. at 266 (citation omitted).

The PSA's plain text provides that after a ten-year term of alimony, if W.S. remains disabled there will be a rebuttable presumption that alimony will continue. S.S. has the burden to rebut the presumption. This agreement is similar in structure to the legal framework in which a party may seek termination or modification of an alimony obligation based on changed circumstances.

Generally, the court is "authorized to modify alimony and support orders 'as the circumstances of the parties and the nature of the case' require." Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). A party seeking a modification of his alimony and child support obligations must demonstrate changed circumstances "as would warrant relief." Lepis v. Lepis, 83 N.J. 139, 157 (1980). "A hearing is not required or warranted in every contested proceeding for the modification of a judgment or order relating to alimony." Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998); see also Lepis, 83 N.J. at 159 (holding that "a party must clearly

demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary."). We review the trial court's modification decision for an abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

The trial court did not err when it concluded that the PSA requires S.S. to make a preliminary showing that there is a genuine dispute with respect to W.S.'s ongoing disability before holding a hearing. Our review of the record reveals no evidence offered by S.S. that W.S. no longer suffers from her disability. To the contrary, W.S. continues to receive disability benefits because of the deleterious effects the brain tumor has on her ability to work. S.S. offers only his unsupported statement that surgery and treatment have rendered the tumor unharmful to W.S., an assertion previously rejected by the court with respect to prior applications by S.S. to terminate alimony and which is contrary to the opinion reached by a medical expert retained by S.S. in 2012.

We also find no evidence in the record supporting S.S.'s claim that the trial court precluded him from holding depositions. The trial court's September 22, 2017 order permits the parties to conduct depositions. There is no evidence in the record that S.S. served a notice of deposition on W.S. or any other party at any time during the two-and-a-half years between the September 22, 2017 order and entry of the May 12, 2020 order.

Nor are we persuaded by S.S.'s argument that it was error for the trial court to restore alimony retroactive to May 13, 2018, and vacate the award of attorney's fees once W.S. completely responded to outstanding discovery. It is evident from the record that the trial court suspended alimony and awarded attorney's fees to coerce W.S. into responding fully to outstanding discovery. While we do not have occasion to opine with respect to the validity of suspending alimony and awarding attorney's fees for that purpose, we see no abuse of the trial court's discretion in reinstating alimony retroactively and vacating the attorney's fee award on the record before us.

To the extent we have not specifically addressed any of S.S.'s remaining arguments, including his contentions with respect to the sufficiency of the trial court's findings of fact and lack of adherence to the "law of the case," we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                      A-3780-19