NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2078-13T4

SANDRA COSTA,

     Plaintiff-Appellant,

v.

PAULO A. COSTA,

     Defendant-Respondent.

---

APPROVED FOR PUBLICATION

January 12, 2015

APPELLATE DIVISION

Submitted December 15, 2014 — Decided January 12, 2015

Before Judges Sabatino, Guadagno and Leone.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1139-06.

Mignone Lazaro Law Firm, LLC, attorneys for appellant (Anita Mignone-Lazaro, of counsel and on the brief).

Paulo André da Silva Costa, respondent pro se.

The opinion of the court was delivered by

LEONE, J.A.D.

    Plaintiff Sandra Costa appeals the denial of her motion to terminate defendant Paulo A. Costa's joint legal custody over their children. Plaintiff sought termination due to

difficulties in obtaining the appropriate forms to allow the children to visit her parents in Brazil. We affirm.

## I.

The parties were married in 1994. They had two children in 1997 and 2000. In 2006, they received a judgment of divorce. In their Property Settlement Agreement (PSA), the parties agreed they would share joint legal custody of the children. Plaintiff received primary residential custody, and defendant received visitation rights. The parties agreed to consult one another regarding education, health, welfare, and other matters of similar importance affecting the children.

In 2009, defendant moved to the city of Tremembé, in the State of São Paulo, Brazil. Defendant maintains telephonic and electronic contact with the children, but he no longer exercises visitation with them.

In 2013, plaintiff filed a motion for sole legal custody. She alleged the following. In order to travel abroad with the children, she needed defendant to provide a notarized consent form and authorization to renew their passports. As the form was in English, defendant had to obtain notarization from a certified translator in Brazil, "a process which is difficult and costly." Defendant told plaintiff he was unable to obtain notarization because of the limited availability of such

notaries in his city. Defendant returned the paperwork incomplete. In 2012, plaintiff traveled to Brazil, but was not able to obtain the consent form "due to procedural difficulties." Plaintiff's motion sought "sole legal custody as the process of obtaining travel authorization from [d]efendant is overly burdensome and has placed unreasonable limitations [on] the minor children's ability to travel and to renew their travel documentation."

Defendant's response to the motion alleged as follows. He had given plaintiff a legal travel authorization to allow plaintiff to renew the children's passports before he moved to Brazil in 2009, and again when plaintiff traveled to Brazil in 2012. When she told him the 2012 authorization was not accepted because it was improperly filled out, he agreed to provide another authorization. However, he was concerned that the only certified notary in his city would again prepare it improperly. Thus, in his response to the motion, defendant expressly "agree[d] that this [c]ourt give permanent permission to the [p]laintiff to renew the passports of [the children] and for them to travel to where they want without any future authorization from me."

Defendant asked to retain joint legal custody of the children to continue to be involved in decisions for their best interests. He stated that he had regular conversations with the children by telephone and Facebook, and that he tried discussing matters with plaintiff.

On September 18, 2013, Presiding Judge Maureen P. Sogluizzo considered and denied plaintiff's motion on the papers. The court ruled that plaintiff had not met her burden to show a change of circumstances, or to demonstrate that joint legal custody was not in the best interests of the children. Plaintiff appeals.

## II.

Modification of an existing child custody order is a "'two-step process.'" R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (quoting Crews v. Crews, 164 N.J. 11, 28 (2000)). First, a party must show "a change of circumstances warranting modification" of the custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Id. at 62-63 (citation omitted).

Here, the trial court ruled that plaintiff failed to "'meet the threshold standard of changed circumstances'" and thus denied the motion without a plenary hearing. Id. at 62 (quoting J.B. v. W.B., 215 N.J. 305, 327 (2013)). Such a denial is reviewed for abuse of discretion, with deference to the expertise of Family Part judges. Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We must hew to that standard of review.

The trial court did not abuse its discretion in denying plaintiff's motion without a plenary hearing. Plaintiff failed to show a change of circumstances warranting modification from joint to sole legal custody. The parties have encountered regrettable difficulties in obtaining a valid authorization to allow the children to renew their passports and to travel out of the United States. However, defendant has now expressly agreed in his motion response that the family court may issue the requisite authorizations by court order.

Such an order should be sufficient to solve the passport difficulties. Normally, both parents must execute an application for issuance or renewal of a passport for a minor under age sixteen. 22 C.F.R. § 51.28(a)(2), (a)(3)(ii)(G), (c)(2) (2014). However, "[a] passport application may be executed on behalf of a minor under age 16 by only one parent or

legal guardian if such person provides" an order of a court of competent jurisdiction "specifically authorizing the applying parent or legal guardian to obtain a passport for the minor, regardless of custodial arrangements; or specifically authorizing the travel of the minor with the applying parent or legal guardian." 22 C.F.R. § 51.28(a)(3)(ii)(E), (c)(3); see, e.g., Patrawke v. Liebes, 285 P.3d 268, 271-72 n.10 (Alaska 2012); Ansell v. Ansell, 759 S.E.2d 916, 918-19 n.3 (Ga. Ct. App.), cert. denied, __ S.E.2d __ (Ga. 2014).

Such an order, based on defendant's agreement, should also protect plaintiff from any accusation that simply traveling abroad with the children constitutes an interference with custody, N.J.S.A. 2C:13-4(c)(2), child kidnapping, 18 U.S.C.A. § 1204(c)(1), or child abduction, 22 U.S.C.A. § 9101(2); see Haque Convention on the Civil Aspects of International Child Abduction, Art. 3(a). In any event, though the United States Customs and Border Protection website recommends that a child traveling with one parent have a letter, preferably notarized, signed by the other parent acknowledging that the other parent has given permission for the child to travel out of the country, the United States "does not require this documentation."[1]

---

[1] U.S. Customs and Border Protection, Children-Child traveling with one parent or someone who is not a parent or legal guardian
(continued)

Similarly, Brazil does not require such documentation for minor citizens of the United States, although the United States State Department recommends it.[2]

Plaintiff's motion did not request such an order. However, nothing in the trial court's order or in our decision precludes plaintiff from moving for and obtaining such an order.

Plaintiff asserts a parent's relocation to another country itself constitutes a change of circumstances warranting a change of custody. Such relocation normally constitutes a change of circumstances for physical custody, for which "[t]he geographical proximity of the two [parents'] homes is an important factor." Beck, supra, 86 N.J. at 500. However, plaintiff does not seek to change physical custody, presumably because she has full physical custody as a matter of fact, if not law.

By contrast, joint legal custody does not necessarily require the parents to be in close physical proximity. Legal custody is "the legal authority and responsibility for making

_____

(continued)
or a group, https://help.cbp.gov/app/answers/detail/a_id/268/kw/travelling%20children%20of%20divorced%20parents/session/L3RpbWUvMTQxOTk2OTE0NC9zaWQvMmE4djNkYm0%3D/suggested/1 (last updated July 7, 2014).

[2] U.S. Dep't of State, U.S. Passports & International Travel, Brazil, http://travel.state.gov/content/passports/english/country/brazil.html (last updated Oct. 14, 2014).

A-2078-13T4

'major' decisions regarding the child's welfare," not "'minor' day-to-day decisions." Id. at 487. Joint legal custody "seeks to maintain [the] attachments [between parents and child] by permitting both parents to remain decision-makers in the lives of their children." Ibid. Even if physical custody is not possible due to geographic separation, modern telephonic and electronic communications can enable effective joint legal custody and "preserve the decision-making role of both parents." Id. at 500.

Plaintiff's appellate brief asserts that since relocating to Brazil, defendant has failed to communicate with plaintiff in any meaningful way regarding decisions as to the children's health, safety, and education. Plaintiff also asserts that telephonic communications are difficult and sporadic, and that defendant mostly ignores her attempts to communicate electronically. She asserts that she is largely unable to reach defendant to make such decisions in a reasonable period of time, and that she might be unable to make major decisions in an emergency. Thus, she asserts joint legal custody imposes an unreasonable burden on her and emotional harm on the children.

However, none of those factual assertions appear in plaintiff's motion certification, which focused on her need to obtain travel authorization from defendant. Plaintiff cannot

ask us to overturn the trial court's ruling based on factual assertions she never presented to that court, particularly as those assertions are contested by defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2078-13T4