**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3051-22

LISA TRIANTOS,

 Plaintiff-Appellant,

v.

STEVEN TRIANTOS,

 Defendant-Respondent.

_____

Argued October 31, 2023 – Decided November 28, 2023

Before Judges Whipple and Mayer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0640-20.

Matheu D. Nunn argued the cause for appellant (Einhorn, Barbarito, Frost & Botwinick, PC, attorneys; Matheu D. Nunn and Jessie M. Mills, on the briefs).

D. Ryan Nussey argued the cause for respondent (Klineburger and Nussey, attorneys; D. Ryan Nussey and Lisa G. Nolan, on the brief).

PER CURIAM

By leave granted, plaintiff Lisa Triantos appeals from a May 1, 2023 order granting summary judgment to defendant Steven Triantos, designating him as the parent of primary residence for school purposes for the parties' now five-year-old child. We reverse and remand for the Family Part to conduct a plenary hearing to determine the best interests of the child consistent with a June 15, 2022 order entered by the prior Family Part judge.

We provide a brief summary of the facts. After four years of marriage, plaintiff filed for divorce. Plaintiff moved, pendente lite, to be designated as the parent of primary residence and requested permission to relocate with the child to Delaware. The judge assigned to the matter denied plaintiff's motion in a June 5, 2020 order and accompanying written decision.[1] The pendente lite judge preserved joint legal custody and enforced the parenting time schedule in the parties' March 18, 2020 Legal Separation Agreement (Agreement).[2]

The parties divorced in September 2020. The Final Judgment of Divorce (FJOD) expressly incorporated the terms of the Agreement. Additionally, the FJOD reflected parenting time and custody were "resolved per the Consent

---

[1] We refer to this judge as the pendente lite judge. The pendente lite judge also handled the parties' divorce proceeding through the entry of the final judgment.

[2] The terms of the Agreement were subsequently modified in a July 20, 2020 consent order and an August 12, 2020 court order.

Order of July 20, 2020 . . . and the [] Agreement . . . ."  The Agreement provided the child "will continue to attend the Goddard School and East Greenwich schools."

In May 2022, defendant filed a multipart motion for relief.  In his motion, defendant sought to restrain plaintiff from relocating to Delaware with the child.  In the event plaintiff relocated to Delaware, defendant asked that the child be ordered to remain with defendant and that the court establish a parenting plan for plaintiff.  He specifically asked the court to enforce the FJOD and the Agreement as to "joint legal custody" and requested that "no unilateral actions (i.e. relocation can occur)."  Further, defendant asked the court to enforce the provisions in the FJOD and the Agreement "regarding the child's attendance at her Goddard School and East Greenwich [T]ownship schools."  Based on the terms of the FJOD and Agreement, defendant intended to purchase a home in East Greenwich so the child would attend public school in that district.

In response, plaintiff filed a cross-motion to enforce the FJOD.  She also asked the court to "direct the parties to continue to follow the parenting time schedule set forth in their [] Agreement."

Defendant's motion and plaintiff's cross-motion were reviewed by a different Family Part judge.[3] In a June 15, 2022 order, the plenary hearing judge scheduled a hearing for August 15, 2022 to resolve the motion issues. The June 15, 2022 order identified seven specific topic areas to be addressed as part of the court-ordered plenary hearing. Although the August 15 hearing was adjourned, the plenary hearing judge issued a case management order in anticipation of a new hearing date.

Thereafter, another Family Part judge was assigned to the matter.[4] The newly assigned judge conducted a status conference and entered a September 14, 2022 order, directing the parties to appear for mediation "to discuss the issues raised in the parties' pending applications." If the mediation did not resolve the issues, the September 14 order stated the parties "agree[d] to engage in a discovery process" and "enter into a separate order with respect to the discovery process."

The parties were unable to resolve the issues identified in the June 15, 2022 order. As a result, the parties signed a December 15, 2022 consent case management order. This consent order, signed by the newly assigned judge,

---

[3] We refer to this judge as the plenary hearing judge.

[4] We refer to this judge as the newly assigned judge.

established a discovery schedule, and provided for the submission of a joint custody expert. If the parties could not agree upon a joint custody expert, the consent order allowed each party to retain a custody expert at their own expense. The parties elected to retain separate custody experts in anticipation of the plenary hearing. The newly assigned judge scheduled another case management conference for March 7, 2023.[5]

In February 2023, while participating in the court-ordered exchange of discovery, defendant filed a motion for summary judgment seeking the same relief requested in his May 2022 motion. Plaintiff opposed the motion and cross-moved to enforce the plenary hearing judge's June 15, 2022 order.

In a May 1, 2023 order, the newly assigned judge granted summary judgment to defendant, designating him as the parent of primary residence for school purposes. However, the judge denied without prejudice defendant's request to modify parenting time. Additionally, the newly assigned judge directed the parties to attend custody mediation on June 20, 2023.[6]

---

[5] The order erroneously indicated the next status conference would take place on March 7, 2022.

[6] In a June 9, 2023 order, we granted plaintiff's motion for leave to appeal from the May 1, 2023 order and accelerated the appeal. In a July 13, 2023 order, we clarified that the matter was stayed pending the disposition of the accelerated appeal.

A-3051-22

5

In granting summary judgment to defendant, the newly assigned judge found "the stated facts as submitted to [the plenary hearing judge] w[ere] different than they are today." The newly assigned judge stated the plenary hearing judge "did not go to any length to analyze the facts and articulate what material facts that were outstanding that would have to be subject to a plenary hearing."[7] He reiterated "that the facts have changed in a way that is critical when viewed in the context of [the plenary hearing judge]'s order." According to the newly assigned judge, the changed facts included plaintiff moving to Delaware and defendant buying a home in East Greenwich, both of which took place after the June 15, 2022 order.[8]

Additionally, the newly assigned judge noted the pendente lite judge's June 5, 2020 order reflected the parties' agreement that the child would "attend her current daycare and any subsequent schooling in East Greenwich." Thus, he stated it was clear from the decision rendered by the pendente lite judge that

---

[7] Although the prefatory language in the June 15, 2022 order stated "for the reasons placed on the record," there is no transcript reflecting the judge's reasons.

[8] In the certifications submitted to the plenary hearing judge, plaintiff averred she was moving to Delaware and defendant certified he was buying a home in East Greenwich. Thus, these facts were known on June 15, 2022 when the plenary hearing judge ordered a hearing to resolve the issues presented in the parties' motions.

"[i]f plaintiff move[d] to Delaware, the defendant must be the parent of primary residence of the child as he is remaining in the State of New Jersey." After finding these facts "sufficiently uncontroverted," the newly assigned judge designated defendant as the parent of primary residence for school purposes.

On appeal, plaintiff argues the newly assigned judge erred in granting summary judgment to defendant because there were genuine issues of material fact and those issues warranted a plenary hearing and a best interests of the child analysis consistent with the plenary hearing judge's June 15, 2022 order. We agree and remand the matter to the Family Part to hold a plenary hearing consistent with the terms of the June 15, 2022 order.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Norman Int'l, Inc. v. Admiral Ins. Co., 251 N.J. 538, 549 (2022) (quoting Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Here, there are material issues of disputed fact concerning the child's best interests regarding custody and parenting time. For example, the parties' certifications reflected genuine disputes as to the following issues: which parent had the more flexible work schedule; which parent had primary responsibility for the child's medical and educational needs; and which parent had a suitably supportive home life.

In his June 15, 2022 order, the plenary hearing judge determined resolution of the disputed factual issues in the parties' conflicting certifications was "best suited for a [p]lenary hearing." However, the newly assigned judge granted summary judgment without conducting a plenary hearing or explaining why the material factual disputes presented in the parties' conflicting certifications no longer existed.

We review a judge's decision on a motion to modify custody without conducting a plenary hearing for abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015). Generally, we "afford substantial deference to the Family Part's finding of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021). "While we

A-3051-22

8

respect the family court's special expertise, a court may not make credibility determinations or resolve genuine factual issues based on conflicting affidavits." K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014).

The party seeking to change a judgment or agreement involving a custodial arrangement bears the burden of demonstrating the status quo is no longer in a child's best interest. See Bisbing v. Bisbing, 230 N.J. 309, 322 (2017). "Modification of an existing child custody order is a 'two-step process.'" Costa, 440 N.J. Super. at 4 (quoting R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014)). "First, a party must show 'a change of circumstances warranting [a] modification' of the custodial arrangements." Ibid. (quoting R.K., 437 N.J. Super. at 63). "If the party makes that showing, the party is 'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Ibid. (quoting R.K., 437 N.J. Super. at 63). "A thorough plenary hearing is necessary in contested custody matters where the parents make materially conflicting representations of fact." J.G. v. J.H., 457 N.J. Super. 365, 372 (App. Div. 2019).

"[N]ot every factual dispute that arises in the context of matrimonial proceedings triggers the need for a plenary hearing." Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995) (citing Adler v. Adler, 229 N.J. Super.

496, 500 (App. Div. 1988)). "[A] plenary hearing is only required if there is a genuine, material and legitimate factual dispute." Segal v. Lynch, 211 N.J. 230, 264-65 (2012) (citations omitted). "Without such a standard, courts would be obligated to hold hearings on every modification application." Lepis v. Lepis, 83 N.J. 139, 159 (1980).

Here, the plenary hearing judge entered a June 15, 2022 order scheduling a hearing to resolve genuine and legitimate factual disputes regarding seven discrete issues presented in the conflicting certifications submitted by the parties. The plenary hearing judge determined the parties demonstrated a prima facie change of circumstances that could warrant a modification of the custody and parenting time arrangement. Additionally, he concluded there were genuine issues of materially disputed facts in the parties' certifications, which rendered the "matter . . . best suited for a plenary hearing."

On these facts, we are satisfied the newly assigned judge abused his discretion in declining to conduct a plenary hearing consistent with the June 15, 2022 order. The newly assigned judge should have proceeded with a plenary hearing and conducted an analysis under N.J.S.A. 9:2-4 to determine the child's best interests related to the issues memorialized in the June 15, 2022 order.

For the foregoing reasons, we vacate the May 1, 2023 order and remand with instructions for the Family Part to conduct a plenary hearing to resolve the

issues memorialized in the June 15, 2022 order. As part of the remand, the Family Part should include a best interests of the child analysis based upon the evidence presented at the plenary hearing.

Reversed and remanded for a plenary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3051-22