**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2615-22

JAMI ROBLEJO,

     Plaintiff-Appellant,

v.

CASEY ROBLEJO,

     Defendant-Respondent.

_____

> Argued April 16, 2024 – Decided May 6, 2024
>
> Before Judges Whipple and Augostini.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0333-19.
>
> Ronald G. Lieberman argued the cause for appellant (Rigden Lieberman, LLC, attorneys; Ronald G. Lieberman, on the briefs).
>
> Ted M. Rosenberg argued the cause for respondent.

PER CURIAM

Plaintiff appeals from an April 14, 2023 order denying modification of the parties' parenting schedule. We affirm.

Plaintiff and defendant married on April 29, 2016, and have one child, a son, born in September 2017. The parties divorced on November 21, 2019 and incorporated a marital settlement agreement (MSA) into their final judgment of divorce.

Plaintiff is the parent of two other children from a prior marriage, ages nineteen and twenty. These adult children have significant needs and were diagnosed with autism spectrum disorder. Plaintiff is primarily responsible for the adult children, and they lived with her exclusively until after the divorce.

During their divorce litigation, the parties retained a joint expert, Dr. Gregory W. Joseph, PsyD, to perform a best interests evaluation and address custody and parenting time with their son. After receiving the expert's August 30, 2019 report, the parties entered into a MSA resolving custody and parenting time and incorporating Dr. Joseph's recommendations. The MSA provided the parties with joint legal custody of their son and a shared custodial arrangement which gave defendant two additional overnights in a two-week period. As a result of this arrangement, defendant has approximately 235 overnights with the son annually while plaintiff has approximately 130 overnights.

Dr. Joseph's evaluation informed the parties that the proposed parenting time arrangement was in their son's best interests. While the evaluation repeatedly mentioned plaintiff's parenting responsibilities for her other adult children and the resulting impact on plaintiff's ability to safely and concurrently parent the parties' son, Dr. Joseph concluded that "[o]n balance" he did not "find that any risk of harm to [the parties' son] by his brothers would outweigh the importance of maintaining the quality and consistency of his strong bond with [plaintiff]." He recognized that "the demands of adequately supervising [plaintiff's older adult children] [we]re undoubtedly formidable" and should be considered in formulating a parenting plan. Dr. Joseph also noted "another important consideration," namely, "[the parties' son's] very young, developmentally sensitive, age and the need for regular contact with both parents to promote and maintain secure bonding."

Dr. Joseph found the parties' son enjoys and "maintains a secure, loving attachment with both parents," and "both parents are fit and well capable of competently providing for [their son's] practical and emotional needs." Ultimately, he rendered recommendations "in the best psychological interests" of the parties' son and concluded that the proposed parenting schedule would "ensure frequent contact with sufficient duration for [the parties' son] and each

3

of his mothers, with consideration of the unique challenges presented by the demands of caring for [plaintiff's older adult children]."

After the divorce, in 2021, plaintiff's older adult children left plaintiff's residence and were placed in residential programs. Approximately two years later, in February 2023, plaintiff filed a motion to increase her parenting time, asserting the out-of-home placements of her adult children amounted to a substantial change in circumstances. Plaintiff submitted Dr. Joseph's August 2019 report as a confidential exhibit in support of her request. Defendant opposed modifying the parenting schedule and filed a cross-motion seeking, in part, to relocate with the parties' son to Delaware.

During oral argument, the judge admitted that he had not reviewed Dr. Joseph's report. Nonetheless, the judge stated that even if a change in circumstances had occurred, plaintiff's application was devoid of any evidence that a modification of the parenting schedule was in the child's best interests.

With respect to defendant's relocation application, after a colloquy with the court, defendant withdrew the application to relocate "if there [was] no change in circumstance[s]" and provided the current parenting schedule remained in effect. Defense counsel underscored "if the [c]ourt does find that

there is a change in circumstance[s], obviously, we would renew our request for relocation."

Later the same day, the judge issued an order denying plaintiff's request to modify the shared parenting schedule without prejudice, finding "[p]laintiff ha[d] not established a prima facie showing of changed circumstances in the best interest of the child warranting further review of the parenting time arrangements." The judge found "[d]efendant's argument to be more persuasive," and "recognize[d] that [p]laintiff's personal situation may have changed" but that plaintiff failed to establish a "correlation as to how that change would necessarily serve the child's best interest[s]."

Pursuant to the order, defendant withdrew the application to relocate, and the other provisions in the April 14, 2023 order are not the subject of this appeal.

Plaintiff argues the judge failed to make adequate findings to support the denial of a modification of parenting time.

Defendant counters that the judge correctly omitted consideration of Dr. Joseph's report because it was hearsay, not admitted as evidence during the divorce nor was it mentioned in the MSA. Defendant also asserts that the record lacks proof establishing that it is in the best interests of the parties' son to increase plaintiff's parenting time.

5

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). So long as those findings are "supported by adequate, substantial, and credible evidence in the record," those factual findings will not be disturbed. Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citing Cesare, 154 N.J. at 413). However, we review the Family Part's interpretation of the law de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

An agreement affecting custody and parenting time is presumed to "embod[y] a best interests determination." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993). Therefore, "[a] party seeking modification … must meet the burden of showing changed circumstances and that the agreement is now not in the best interests of a child." Slawinski v. Nicholas, 448 N.J. Super. 25, 33 (App. Div. 2016) (alteration and omission in original) (quoting Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 152 (App. Div. 2003)). A plenary hearing is necessary where there are genuine factual disputes and where a hearing "would assist the court in making its determination." P.T. v. M.S., 325 N.J. Super. 193, 214 (App. Div. 1999) (citing Fusco v. Fusco, 186 N.J. Super.

321, 327 (App. Div. 1982)). We review custody and parenting time orders for an abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

Guided by these principles, we discern no error in the motion judge's determination that plaintiff failed to demonstrate a prima facie showing of changed circumstances affecting the best interests of the parties' son.

The change in plaintiff's household composition with the relocation of her two older adult sons occurred two years before she filed her post-judgment motion. During this time, the parties continued to follow the agreed upon parenting schedule. While we recognize plaintiff explained the reasons for the delay in filing an application, she offered no evidence demonstrating how the older adult brothers leaving the home impacted the parties' son.

Although the motion judge recognized that plaintiff's circumstances may have changed, that finding did not end the inquiry. As the judge noted, plaintiff failed to correlate the change in her household make-up with the parties' son's best interests. As the motion judge correctly concluded, there was no evidence that a modification of the parenting time schedule would be in the child's best interests.

The parties followed Dr. Joseph's recommendations for "three and a half years," and they acknowledged that Dr. Joseph's evaluation informed their

7

agreement on custody and parenting time, which encompassed their son's best interests at that time. While Dr. Joseph unequivocally determined that the older adult children's presence in the home and plaintiff's responsibility for their care impacted his recommendations, there is nothing in the record to suggest how the parties' son's best interests are affected since his older half-siblings reside elsewhere.

Here, plaintiff relied solely on the custody evaluation completed almost five years ago to argue for an increase in parenting time. We recognize that post-judgment discovery, including an updated custody evaluation, is within the discretion of the trial court after a preliminary threshold showing of changed circumstances has been met. Welch v. Welch, 401 N.J. Super. 438, 446 (Ch. Div. 2008). However, nothing in the record indicates that plaintiff requested defendant's consent to an updated evaluation prior to the filing the motion. Additionally, plaintiff's notice of motion did not include such a request as part of the relief sought. R. 1:6-2(a).

In sum, plaintiff failed to overcome the presumption that the parenting schedule in effect no longer comports with the parties' son's best interests. Additionally, we note the judge denied plaintiff's motion without prejudice and

8

either party may make applications in the future based on the child's best interests.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2615-22