**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1308-23

J.C.,

    Plaintiff-Appellant,

v.

E.K.C.,

    Defendant-Respondent.

_____

Submitted December 2, 2024 – Decided April 25, 2025

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-0276-23.

Ted M. Rosenberg, attorney for appellant (Ted M. Rosenberg, on the briefs).

E.K.C., respondent pro se (Richard A. Outhwaite, on the brief).

PER CURIAM

Plaintiff J.C.[1] appeals from Family Part orders denying his motions for modification of parenting time and reconsideration. For reasons that follow, we affirm in part, reverse in part, and remand for a plenary hearing.

I.

Plaintiff-father and defendant-mother were in a short-lived relationship from which one child was born in July 2022. Soon after the child's birth, the parties separated. Plaintiff purportedly made requests to visit with the child, which defendant refused. In September and October 2022, plaintiff filed a verified complaint and motion seeking joint legal custody and parenting time. Defendant filed a cross-application seeking child support, supervised parenting time for plaintiff, and requesting that plaintiff undergo "a psychological and addiction evaluation" based on her allegations that plaintiff had threatened suicide and abused drugs.

First Order – 12/20/22

On December 19, 2022, the court heard oral argument but took no testimony. Pursuant to N.J.S.A. 9:2-4(a), the court issued a written order the following day granting the parties joint legal custody, with defendant designated

---

[1] We use initials to protect the privacy of the parties and the child. R. 1:38-3(d)(3) and (13).

as parent of primary residence (PPR) and plaintiff as parent of alternate residence (PAR). In its order, the court ruled that while it "recognizes [d]efendant's concerns, [p]laintiff has a constitutional right to have parenting time absent a clear showing of abuse/neglect. The [c]ourt finds defendant's concerns to be speculative in nature. As such, [p]laintiff shall be entitled to have unsupervised parenting time." N.J.S.A. 9:2-4(f).

The court awarded plaintiff unsupervised parenting time on "alternating weekends from Saturday at 5:30 p.m. until Monday at 5:30 p.m. to coincide with his days off from work." The parenting schedule was designated "initial, without prejudice."

Second Order - 7/12/23

Shortly after entry of the first order, plaintiff moved from his mother's residence. Defendant, meanwhile, returned to work full-time, and as a result, the child remained in the care of defendant's mother three days per week, attending daycare the remaining two days of the work week. In May 2023, plaintiff filed an application for modification of the December 2022 order, seeking equal parenting time. Defendant cross-moved for a suspension of overnight parenting time until plaintiff's completion of a parenting class to address the child suffering from diaper rash, among other concerns. Defendant

3

also sought a modification of child support and medical expense adjustments. At a hearing on July 11, 2023, plaintiff asserted that he need not prove a change in circumstances for additional parenting time because the schedule issued in the order of December 20, 2022 was "initial, without prejudice." The motion court rejected this argument, explaining that while "all parenting schedules are technically without prejudice . . . it doesn't mean that you don't have to show a change of circumstances to warrant modification." In response, plaintiff argued that the passage of time, the child's age, plaintiff's work schedule, defendant's return to work, and plaintiff's change of residence each constituted a change in circumstances warranting a plenary hearing.

On July 12, 2023, the court issued a written order denying both parties' requests, finding that "there ha[d] not been an adequate showing of changed circumstances in the best interests of the child warranting review at this time."

Third Order / Motion for Reconsideration – 12/6/23

On August 3, 2023, plaintiff filed a motion for reconsideration of the July 2023 order. In it, plaintiff reiterated his request for a plenary hearing to address parenting time based on changed circumstances. In the alternative, he argued the December 2022 order should be vacated as the court failed to articulate

A-1308-23

findings of fact and conclusions of law pursuant to Rule 1:7-4(a) and based upon the catch-all provisions of Rule 4:50-1(f).

In September 2023, the parties agreed to enroll the child in a different daycare facility, because the daycare at which the child attended was purportedly responsible for the diaper rashes that were a focus of defendant's cross-motion in July 2023. Further, nothing in the record reflects any dispute that plaintiff subsequently completed a parenting class.

The court heard argument on December 4, 2023. It found the motion for reconsideration had been timely filed, noting that although there had been a procedural deficiency, it was later cured, allowing the court to "deal with the substance." In an order issued on December 6, 2023, the court denied plaintiff's application for reconsideration, reasoning that the application did not meet "the legal standard concerning reconsideration." The court further concluded that a plenary hearing was not warranted because "there were [no] genuine issues of disputed material facts." For these reasons, plaintiff's application did not "adequately meet[] the legal standard as set forth in Rule 4:50-1[(f)]." The court noted that "there was not a motion for reconsideration [n]or an appeal taken of th[e] prior order [of December 20, 2022]." The court added, "[a]s to the suggestion that there were no findings [of fact,] it was specifically provided

5

in the order that [p]laintiff's parenting time was 'to coincide with his days off from work.' The [c]ourt disagrees that there were genuine issues of disputed material fact that required a plenary hearing."

On January 2, 2024, plaintiff filed a notice of appeal arguing that the motion court's ruling of July 12, 2023 should be reversed and the matter remanded for the motion court to make requisite findings mandated by Rule 1:7-4(a). Plaintiff also argues that, given the child's age, the motion court erred in its July 2023 ruling because, as a matter of law, a change in circumstances was not required to revisit its order of December 2022. Alternatively, plaintiff argues he did show a change in circumstances sufficient to trigger a plenary hearing for modification of parenting time issues. Defendant urges that the motion court's ruling be affirmed, endorsing the motion court's finding that there were no material facts in dispute warranting a plenary hearing, and contending that plaintiff failed to file his motion for reconsideration within the applicable twenty-day time frame provided in Rule 4:49-2.

II.

A motion court's denial of a motion for reconsideration is reviewed for an abuse of discretion. R. 4:42-2; Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (adopting the federal courts' abuse of discretion standard as

6

the appropriate norm for appellate review of a denial of a motion for reconsideration).  "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)).

"We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'"  Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)).  In particular, "[w]e invest the family court with broad discretion because of its specialized knowledge and experience in matters involving parental relationships and the best interests of children."  N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 427 (2012).  "Thus, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'"  Thieme, 227 N.J. at 283 (quoting Cesare, 154 N.J. at 413).  We will not disturb the Family Part's factual findings and legal conclusions unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div.

2015)).

<u>Motion for Reconsideration</u>

First, we address the timeliness of plaintiff's motion for reconsideration. We agree with the motion court's ultimate conclusion that it "deal with the substance" of the issues concerned but reject the court and defense counsel's constriction to the twenty-day time frame. In <u>Lawson v. Dewar</u>, 468 N.J. Super. 128, 133 (App. Div. 2021), we noted "a frequent misconception about the time within which a motion for reconsideration of an interlocutory order can be filed," emanating from the misperception that the twenty-day time constraint pertinent to <u>Rule</u> 4:49-2 applies to interlocutory orders. It does not. As we reminded in <u>Lawson</u>, "<u>Rule</u> 4:49-2 applies only to motions to alter or amend <u>final</u> judgment and <u>final</u> orders, and does not apply when an interlocutory order challenged . . . ." <u>Id.</u> at 134. (emphasis in original).

In this context, plaintiff moved for a modification of parenting time, not a change in custody. Consistent with our holding in <u>Wilke v. Culp</u>, 196 N.J. Super. 487 (App. Div. 1984), the application was interlocutory, not subject to the twenty-day time constraint of <u>Rule</u> 4:49-2. <u>Id.</u> at 483. As such, it may be brought "at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." <u>R.</u> 4:42-2(b).

8                                                        <span>A-1308-23</span>

The motion court implicitly recognized the interlocutory or pendente lite aspect of its first two orders, writing in its third order denying defendant's motion for reconsideration, "[b]y way of dicta, the [c]ourt reminds the parties that they are always free to modify parenting time by way of mutual agreement." Indeed, we endorse the court's observation that custody/visitation orders are always subject to modification as the parties may mutually agree or as a change in circumstances warrants. Here, plaintiff's application has a foot in both camps, in that he seeks reconsideration of the terms of parenting time in the original order consistent with the interests of justice, simultaneous with a change in circumstances that resulted in the second order, from which he timely appealed even under the twenty-day constriction of Rule 4:49-2. In contrast, "Rule 4:42-2 declares that interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Lawson, 468 N.J. Super. at 134 (emphasis added).

Having concluded that defendant's motion for reconsideration was procedurally compliant with Rule 4:42-2(b), we now address the substance of the issues raised.

<u>The Custody/Parenting Time Order and Changed Circumstances</u>

"When a court orders a custody arrangement that is not agreed to by both parents, it must identify on the record the specific factors that justify the arrangement." <u>Bisbing v. Bisbing</u>, 230 N.J. 309, 322 (2017) (citing N.J.S.A. 9:2-4(f)). As <u>Rule</u> 1.7-4(a) provides, "[t]he court shall, by an opinion or memorandum decision, either written or <u>oral</u>, find the facts and state its conclusions of law." (emphasis added). In seeking a modification of a parenting time order, the focus of the inquiry is always on the child's best interests. <u>See</u> <u>Faucett v. Vasquez</u>, 411 N.J. Super. 108, 134 (App. Div. 2009). Whether the order is temporary or permanent is of no moment. "That is so because, as we have noted in another context, even 'a temporary decision to change custody can take on a life of its own, creating a new status quo.'" <u>Id.</u> at 119 (citing <u>Peregoy v. Peregoy</u>, 358 N.J. Super. 179, 203 (App. Div. 2003)). "We stress that a temporary modification of the existing custody order is only warranted when the judge determines it is in the child's best interests." <u>Id.</u> at 134.

Here, there was no prior order or agreement between the parties awarding custody or addressing parenting time. The court therefore made initial findings pursuant to N.J.S.A. 9:2-4(a), awarding joint legal custody, designating defendant the PPR and plaintiff the PAR, and determining that supervised

visitation was unnecessary. N.J.S.A. 9:2-4(f). The court having properly considered the initial custody arrangement, we reject plaintiff's argument that the insertion of the terms "initial, without prejudice" rendered the court order in question temporary, such that plaintiff was excused from demonstrating a change of circumstances that impact and alter the best interests of the child.

When plaintiff moved for a modification of parenting time in his May 2023 application based upon changed circumstances, the court determined that: (1) the passage of time in itself did not constitute a changed circumstance; (2) plaintiff's new place of a residence and defendant's full-time job were factors to be considered but likewise did not constitute a changed circumstance; and (3) the new parenting time schedule requested by plaintiff was "complicated" and not in the best interests of the child. Because the motion court found no change in circumstances, it did not reach the question of determining whether a modification of parenting time, even if "temporary," was warranted. See Faucett, 411 N.J. Super. at 134.

Looking now to the central question, we recognize that:

> Modification of an existing child custody order is a "two-step process." R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014). First, a party must show "a change of circumstances warranting modification" of the custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n. 8 (1981)). If the party

11

makes that showing, the party is "entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order." Id. at 62-63.

[Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).]

To make that showing, a party must establish "a prima facie case of changed circumstances relating to the [order]" that would warrant relief. Slawinski v. Nicholas, 448 N.J. Super. 25, 35 (App. Div. 2016) (emphasis added).

Our review of the record compels us to conclude that plaintiff made a prima facie showing of changed circumstances. We note five significant changes, which considered collectively, may warrant modification of the current visitation order, subject to a plenary hearing. First, plaintiff moved from his mother's residence into a two-bedroom apartment, twenty-five minutes away from defendant's house, a reduction of approximately ten to fifteen minutes. Geographic distance is one of the factors a court must take into consideration when assessing whether a parenting time schedule is in the best interest of a child. See N.J.S.A. 9:2-4(c). Second, following the entry of the December 2022 order, defendant returned to work full-time and relied on her mother and a local daycare to take care of the child. Yet, the record is clear that defendant was

available to care for the child on Tuesdays and Wednesdays of every other week. On this point, we emphasize that absent exceptional circumstances, "parents have a constitutional right to enjoy a relationship with their children[,]" whereas grandparents are not necessarily entitled to same. S.M. v. K.M., 433 N.J. Super. 552, 558 (App. Div. 2013); see Major v Maguire, 224 N.J. 1, 15 (2016). Third, the child's diaper rash, which defendant initially attributed to plaintiff's purported negligence, was ultimately determined to be caused by the daycare's lack of care. Fourth, plaintiff completed a parenting course to improve his parenting skills, as recommended by defendant. Fifth and finally, the child was only a few months old when the court issued the first order, and by the time the court heard the second application, the child was almost a year old. Although in and of itself, a child's maturation may not amount to a change in circumstances, a child's maturation and concomitant change in the child's daily schedule is relative to what parenting plan is in the child's best interest. See N.J.S.A. 9:2-4(c) ("In making an award of custody, the court shall consider . . . the age [] of the children.").

Based on the foregoing, we are constrained to conclude that the motion court's determination that there was not adequate prima facie change of circumstances sufficient to trigger a plenary hearing is "inconsistent with the

13

competent, relevant and reasonably credible evidence." Ricci, 448 N.J. Super. at 564.

In sum, we conclude that plaintiff's motion for reconsideration was properly considered on the merits. However, because we conclude that plaintiff made a prima facie showing of a change of circumstances, a plenary hearing must be scheduled promptly to resolve genuine disputed facts that bear directly on the best interests of the child and parenting time. The parties or the court are free to enter an interim award as to custody and parenting time pending the outcome of the plenary hearing.

Affirmed in part, reversed in part, and remanded for a plenary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division