**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-4051-24
                         A-4091-24

O.M.,[1]

     Plaintiff-Respondent,

v.

R.T.,

     Defendant-Appellant.

_____

E.H.,

     Plaintiff-Respondent,

v.

R.T.,

     Defendant-Appellant.

_____

     Submitted April 28, 2026 – Decided May 8, 2026

     Before Judges Firko and Perez Friscia.

---

[1] Because of the privacy issues involved with this custody dispute over a minor child, we use initials and fictitious names. See R. 1:38-3(d).

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket Nos. FM-03-0513-23 and FD-03-0348-24.

Weinberger Divorce & Family Law Group, LLC, attorneys for appellant (Thomas J. Bean, on the briefs).

Respondents have not filed a brief.

PER CURIAM

This dispute is before us a second time. In our prior opinion, we set out the salient facts regarding plaintiff O.M.'s (Orlando) discovery that he was the biological father of A.T. (Alan), born in 2012. E.T. (Edith) is Alan's biological mother. R.T. (Roy) and Edith were married in 2013 and have two minor sons in common. Roy and Edith's marriage was annulled under N.J.S.A. 2A:34-1. O.M. v. R.T., No. A-1924-23 (App. Div. July 29, 2024) (slip op. at 4). The parties are familiar with the details in our prior opinion, and we need not repeat them again except as necessary to resolve the issues now presented.

Ultimately, we held "appropriate procedures are necessary before Orlando and Alan engage in unification therapy," citing P.T. v. M.S., 325 N.J. Super. 193, 213 (App. Div. 1999). O.M., slip op. at 7. On remand, aside from the consideration of a custody evaluation report authored by Dr. Harry Green, the Family Part judge did not order factual or expert discovery, conduct a plenary hearing, or interview Alan. On July 31, 2025, the judge entered an order that

2

Orlando may attend unification therapy with Alan "no sooner than thirty . . . days from the date of this [o]rder, and only upon the recommendation of Dr. [Danielle] Forshee," an expert therapist. On August 22, 2025, an order was entered amending the July 31, 2025 order and provided Dr. Green's report was to be released to Dr. Forshee by way of a protective order.

Roy now appeals asserting the judge erred by failing to conduct a plenary hearing and interview Alan as part of his determination as to whether unification therapy should be ordered between Orlando and Alan. Roy also contends the judge failed to analyze whether unification therapy was in Alan's best interests under N.J.S.A. 9:2-4, failed to analyze the statutory factors, erred in determining Dr. Forshee should serve as the sole arbiter of whether unification therapy should proceed, and erred in allocating the entire cost of unification therapy to Edith. Roy urges us to reverse the order and remand again for the judge to conduct a plenary hearing and an in camera interview of Alan under Rule 5:8-6[2].

---

[2] Rule 5:8-6 provides, in pertinent part:

> As part of the custody hearing, the court may on its own motion or at the request of a litigant conduct an in camera interview with the child(ren). In the absence of good cause, the decision to conduct an interview shall

We are persuaded by Roy's arguments and reverse and remand for limited factual and expert discovery and a plenary hearing. We leave it to the judge's discretion as to whether an in camera interview of Alan should be conducted.

I.

Our scope of review of Family Part orders is limited. We owe substantial deference to a Family Part judge's finding of facts because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

We owe no special deference to the judge's legal conclusions. Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). However, we "'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its

be made before trial. If the court elects not to conduct an interview, it shall place its reasons on the record. If the court elects to conduct an interview, it shall afford counsel the opportunity to submit questions for the court's use during the interview and shall place on the record its reasons for not asking any question thus submitted. A stenographic or recorded record shall be made of each interview in its entirety. Transcripts thereof shall be provided to counsel and the parties upon request and payment for the cost.

4

discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412).

On appeal, Roy argues the judge failed to engage in "appropriate procedures" as directed by this court before ordering unification therapy. O.M., slip op. at 7. Roy also argues the judge erred in relying on Dr. Forshee's sole recommendation—who was appointed to perform reunification therapy between all three minor children and their mother Edith—in the FM dissolution matter, of whether unification therapy should proceed. Roy contends the judge improvidently "ceded authority" over whether unification therapy occurs to Dr. Forshee, "a third-party expert," which constitutes reversible error. We agree.

## A.

Here, the judge erred in relying exclusively on Dr. Forshee's recommendation on whether unification therapy proceeds. The judge's task on remand was to address the contested issue of whether unification therapy was in Alan's best interests. "The touchstone for all custody determinations has always been the 'best interest[s] of the child.'" Faucett v. Vasquez, 411 N.J. Super. 108, 118 (App. Div. 2009) (alteration in original) (quoting Kinsella v. Kinsella, 150 N.J. 276, 317 (1997)).

A-4051-24

To that end, the judge was required to analyze the N.J.S.A. 9:2-4(c) factors:

(1)     [T]he parents' ability to agree, communicate[,] and cooperate in matters relating to the child;

(2)     [T]he parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse;

(3)     [T]he interaction and relationship of the child with [his or her] parents and siblings;

(4)     [T]he history of domestic violence, if any;

(5)     [T]he safety of the child and the safety of either parent from physical abuse by the other parent;

(6)     [T]he preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision;

(7)     [T]he needs of the child;

(8)     [T]he stability of the home environment offered;

(9)     [T]he quality and continuity of the child's education;

(10)   [T]he fitness of the parents;

(11)   [T]he geographical proximity of the parents' homes;

(12)   [T]he extent and quality of the time spent with the child prior to or subsequent to the separation;

6

(13) [T]he parents' employment responsibilities; and

(14) [T]he age and number of the children.

Here, the judge did not conduct the requisite analysis under N.J.S.A. 9:2-4(c) and made no mention on the record or in the written order of the child's best interests. J.G. v. J.H., 457 N.J. Super. 365, 375 (App. Div. 2019). The judge did not explain why he granted Dr. Forshee sole authority to decide whether unification therapy should take place. Moreover, we note Dr. Green does not recommend immediate unification therapy, but opines it is dependent on the progress Alan and Edith make in their reunification therapy. It is crucial that the parties have a fair process to challenge the evaluations' conclusions to ensure the best outcome for Alan. Id. at 374-75. On remand, the judge is directed to make detailed findings of fact and conclusions of law in accordance with Rule 1:7-4(a) as to each of the N.J.S.A. 9:2-4(c) factors following completion of discovery and a plenary hearing.

B.

The judge also failed to comply with Rule 5:3-3, pertaining to court-appointed experts and their submitted reports. Rule 5:3-3(f) and (g) states:

> (f) Submission of Report. Any finding or report by an expert appointed by the court shall be submitted upon completion to both the court and the parties. At the time of submission of the court's experts' reports, the

7

reports of any other expert may be submitted by either party to the court and the other parties. The parties shall thereafter be permitted a reasonable opportunity to conduct discovery in regard thereto, including, but not limited to, the right to take the deposition of the expert.

(g) Use of Evidence. An expert appointed by the court shall be subject to the same examination as a privately retained expert and the court shall not entertain any presumption in favor of the appointed expert's findings. Any finding or report by an expert appointed by the court may be entered into evidence upon the court's own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties.

[(Emphasis added).]

The judge erred in relying on the expert reports in determining a course of action without allowing the parties to conduct discovery and making a "presumption" in favor of the experts' findings in violation of Rule 5:3-3(f) and (g).

We conclude the judge abused his discretion by not conducting a plenary hearing. See Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015). There is a "genuine, material[,] and legitimate factual dispute" as to Alan's best interests. Segal v. Lynch, 211 N.J. 230, 264-65 (2012). There is clearly a need for a plenary hearing to resolve these issues.

In sum, we reverse and remand for:

(1)   the judge to conduct a case management conference within thirty days to ascertain what factual and expert discovery the parties require; and

(2)   a plenary hearing to be conducted as expeditiously as possible to address the issues and factors discussed in this opinion.

We leave it to the discretion of the judge as to whether or not Alan should be interviewed.  R. 5:8-6.  The judge shall consider anew the allocation of the cost of unification therapy.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division